UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

S<small>TACY</small> G<small>ENDKE</small> f/k/a S<small>TACY</small> D<small>UNAWAY</small>,§
    *Plaintiff*, §
    §
vs. §     C<small>IVIL</small> A<small>CTION</small> H-12-1455
    §
W<small>ELLS</small> F<small>ARGO</small> B<small>ANK</small>, N.A., §
    *Defendant*. §

## Memorandum and Order of Dismissal

This dispute is before the court on plaintiff Stacy Gendke's motion to dismiss this case with prejudice (Dkt. 32), and defendant Wells Fargo Bank's motion for attorney's fees (Dkt. 33). Wells Fargo does not oppose the motion to dismiss, but requests that Gendke be ordered to pay $20,101.17 in fees and costs incurred in defending the lawsuit. Wells Fargo asserts two grounds for such an award, neither of which has merit.

First, as Wells Fargo correctly points out, a court has discretion to attach conditions to a voluntary dismissal under Rule 41(a)(2) in order to prevent "plain legal prejudice" to defendant. *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002); *see LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). Legal prejudice may be found when the voluntary dismissal would cause the non-movant to be stripped of an otherwise available defense, *Elbaor*, 279 F.3d at 318-19, or where the movant suffered an adverse legal ruling *prior* to moving for voluntary dismissal. *Robles v. Atlantic Sounding Co.,* 77 F. App'x. 274, 275 (5th Cir. 2003). Neither form of legal prejudice is present here. The fact that the motion to dismiss was filed after defendant incurred significant attorney's fees does not necessarily

constitute legal prejudice[1] even if the dismissal would not preclude a second lawsuit. *Id.*; *see Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir. 1990). Here, plaintiff has specifically moved for dismissal with prejudice, so defendant faces no prospect of a second lawsuit in any event. Given the absence of plain *legal* prejudice to Wells Fargo, there is no basis to award attorney's fees and costs as a condition of dismissal under Rule 41(a)(2).

Wells Fargo alternatively invokes Section 9 of the Deed of Trust as justification for an award of attorney's fees and costs. Section 9 provides that in specified circumstances the Lender "may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property." Other permissible actions include "appearing in court" and "paying reasonable attorneys' fees." Finally, the section declares that "[a]ny amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument."

The difficulty with this argument is that Wells Fargo failed to plead for attorney's fees. It is a basic principle of Texas law, which governs this diversity case, that a party may not be granted relief in the absence of pleadings to support that relief. *Stoner v. Thompson,* 578 S.W.2d 679, 682-83 (Tex. 1979). "Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not

---

[1] Contrary to defendant's representation, plaintiff did not file this motion to dismiss with prejudice less than 60 days before trial. At a hearing on April 18, 2013, the court (i) denied defendant's motion to dismiss; (ii) ordered further briefing on defendant's motion for summary judgment; and (iii) removed the case from its trial docket. *See* Dkt. 30.

supported by pleadings requesting an award of attorney's fees is a nullity." *R. Conrad Moore & Associates, Inc. v. Lerma*, 946 S.W.2d 90, 96 (Tex. App.– El Paso 1997, writ denied); *State v. Estate of Brown,* 802 S.W.2d 898, 900 (Tex. App.– San Antonio 1991, no writ). Briefs are not pleadings. *See Dartez v. Owens-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990). A motion unsupported by a live pleading for affirmative relief is insufficient. *Estate of Brown,* 802 S.W.2d at 900 ("To hold that the mere filing of the motion is sufficient to support the judgment for attorney's fees would be untenable.").

Wells Fargo has not sued for deficiency judgment, nor brought any other type of claim or counterclaim against Gendke. Nor did it mention Section 9 or attorney's fees in its answer. The only live claims for affirmative relief are Gendke's claims for breach of contract and violation of the Fair Debt Collection Practices Act. *See* Dkt. 16.[2] Gendke argues that neither of these claims involve protection of Wells Fargo's rights in the Property or under the Deed of Trust, and so the triggering condition for attorney's fees under Section 9 has not been met. That may well be the case, but there is no need to reach that question. Wells Fargo did not plead a cause of action seeking attorney's fees,[3] and since there is no applicable fee-shifting statute or rule, Wells Fargo is not entitled to that relief.

For these reasons, plaintiff's motion to dismiss with prejudice (Dkt. 32) is granted. Defendant's motion for attorney's fees (Dkt. 33) is denied.  It is ORDERED that this case is dismissed in its entirety with prejudice.  Each party will pay its own costs and fees.

---

[2]  Although plaintiff originally asked for injunctive relief in state court, the only action defendant took before removal was to file a brief answer. *See* Dkt. 1; Dkt. 33-3 at 6. The foreclosure sale took place in October 2012 despite this lawsuit.

[3]  The scheduling order deadline for amending pleadings has long since passed. Dkt. 12.

Signed at Houston, Texas on August 6, 2013.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

4